LAPLANTE, District Judge
(dissenting).
Unlike my distinguished colleagues, I have serious concerns about whether the Walsh Act’s provision authorizing federal civil commitment of sexually dangerous prisoners beyond the end of their federal criminal sentences is, in fact, necessary and proper to the exercise of Congress’s enumerated powers — or merely an encroachment on the states’ traditional power to regulate sexually dangerous conduct. See United States v. Comstock, 551 F.3d 274 (4th Cir.2009) (declaring that provision unconstitutional), cert. granted, — U.S. -, 129 S.Ct. 2828, 174 L.Ed.2d 551 *11 (2009). Neither the Supreme Court’s specific decision in Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1956) (upholding federal detention of incompetent defendants awaiting trial on federal charges), nor its broader jurisprudence under the Necessary and Proper Clause, U.S. Const. art. I, § 8, cl. 18, provides a clear answer to this difficult question.
Given that the Supreme Court is hearing oral argument in Comstock on January 12, 2010, and is likely to answer this question within the next six months, I would prefer to wait for its ruling rather than settle for either of the imperfect alternatives available to us now: remanding and creating potentially unnecessary work for the district court, or conversely declaring a major federal statute unconstitutional on debatable grounds. While it is true that the respondent here, like the respondent in Comstock, remains in federal custody pending the outcome on appeal, the majority’s decision upholding the statute means that he will stay there either way, at least in the short term. On balance, I see less harm than good in waiting for the Supreme Court. I respectfully dissent.